**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                              (State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Nuvo Group USA, Inc.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   27-0282727

4. **Debtor's address**

   **Principal place of business**

   300 / WItherspoon  
   Number / Street  
   Suite 201  

   Princeton / NJ / 08542  
   City / State / ZIP Code

   _____  
   County

   **Mailing address, if different from principal place of business**

   Number / Street  
   P.O. Box  
   City / State / ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number / Street  
   City / State / ZIP Code

5. **Debtor's website** (URL) _____

Debtor   Nuvo Group USA, Inc._____       Case number (*if known*)_____
         <sub>Name</sub>

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Nuvo Group USA, Inc.
          _____    Case number (if known)_____
          Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.   District _____  When _____  Case number _____
                                         MM / DD / YYYY
            District _____  When _____  Case number _____
                                         MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor    See Schedule 1    Relationship _____
            District _____  When _____
                                                MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number    Street
                              _____
                              _____    _____  _____
                              City                          State  ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

---

**Statistical and administrative information**

Debtor  Nuvo Group USA Inc.
        Name

Case number (*if known*)_____

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☒ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08 / 22 / 2024
              MM / DD / YYYY

✘ Rice Powell                                           Rice Powell
Signature of authorized representative of debtor        Printed name

Title  Chief Executive Officer

Debtor  Nuvo Group USA Inc.
        Name                                                              Case number (if known)

18. **Signature of attorney**      ✗ Derek C. Abbott                    Date    08  22/2024
                                    Signature of attorney for debtor              MM / DD / YYYY

                                    Derek C. Abbott
                                    Printed name
                                    Morris, Nichols, Arsht & Tunnell LLP
                                    Firm name
                                    1201        North Market Street
                                    Number     Street
                                    Wilmington                              DE        19899-1347
                                    City                                    State     ZIP Code

                                    (302) 658-9200                          dabbott@morrisnichols.com
                                    Contact phone                           Email address

                                    3376                                    DE
                                    Bar number                              State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware) (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Nuvo Group USA, Inc.

| Company |
|---|
| Holdco Nuvo Group D.G Ltd. |
| Nuvo Group Ltd. |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NUVO GROUP USA INC. *et al.*,[1] | Case No. 24-_____ (____) |
| Debtors. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession, to the best of their knowledge, information, and belief, hereby state that Nuvo Group USA Inc. is one hundred percent (100%) owned by Nuvo Group Ltd., whose address is Yigal Alon 94, Tower 1, Tel Aviv 6789155 Israel.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of their respective federal tax identification numbers, are: Nuvo Group USA, Inc. (2727), Holdco Nuvo D.G Ltd. (5756), and Nuvo Group Ltd. (3811). Their addresses are, respectively, 300 Witherspoon, Suite 201, Princeton, NJ 08542 and Yigal Alon 94, Tower 1, Tel Aviv 6789155 Israel.

# UNANIMOUS WRITTEN CONSENT OF THE
# BOARD OF DIRECTORS OF NUVO GROUP USA, INC.

The undersigned, being all the members of the board of directors (the "Board") of Nuvo Group USA, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Company"), consent to and adopt the following resolutions:

**WHEREAS**, the Board has reviewed and considered, among other things, the financial and operational condition of the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with senior management of the Company and the legal, financial, and other advisors and consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding (the "Chapter 11 Case"), and has determined that, in its judgment, it is advisable and in the best interests of the Company, its creditors, equity holders, employees and other interested parties that the Company voluntarily files a petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**NOW, THEREFORE**, **BE IT RESOLVED**, that the filing by the Company of the Petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") be, and hereby is, authorized, approved, confirmed and adopted in all respects; and it is

1. **Commencement of Chapter 11 Case**

**FURTHER RESOLVED**, that any officer of the Company (each, an "Authorized Person"), in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under its corporate seal or otherwise, the Petition and all schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and it is

**FURTHER RESOLVED**, that any Authorized Person, in the case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees,

expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Company's Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is

2. **Retention of Advisors**

**FURTHER RESOLVED**, that any Authorized Person, and each of them, acting either individually or jointly, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to retain (i) Hughes Hubbard & Reed LLP as general bankruptcy counsel, (ii) Morris, Nichols, Arsht & Tunnell LLP as Delaware bankruptcy counsel, (iii) Teneo Capital LLC as financial advisor, and (iv) Epiq Corporate Restructuring, LLC as claims and noticing agent, on such terms as any Authorized Person shall deem necessary, appropriate or desirable and subject to any required approvals of the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized and directed to employ any other professionals that are reasonably necessary to assist the Company in carrying out their duties under the Bankruptcy Code and to advance the Company's rights and obligations; and in connection therewith, the Authorized Person is hereby authorized and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications, to the extent necessary, for authority to retain the services of any such additional professionals; and it is

3. **Restructuring Transactions**

**FURTHER RESOLVED**, that the Authorized Person is hereby authorized and empowered in the name of and on behalf of the Company, (i) to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, petitions, motions or other papers or documents in furtherance of any restructuring transactions to which the Company is or will be a party, including but not limited to, any asset or stock purchase agreement, chapter 11 plan, disclosure statement, and all exhibits and/or ancillary documents related thereto (collectively, the "**Restructuring Documents**" and "**Restructuring Transactions**" respectively), and (ii) may further approve, modify, or amend the Restructuring Documents in their reasonable judgment and in consultation with the Company's professionals; and it is

**FURTHER RESOLVED**, that the Company, and the Authorized Person, shall be, and each of them hereby is, authorized to execute, deliver, and perform its obligations under one or more purchase agreements, license agreements, or other transactions agreements and all associated agreements, schedules, certificates, instruments, guaranties, notices, and other documents implementing a Restructuring Transaction, as may be deemed necessary or desirable by any Authorized Person; and it is

**FURTHER RESOLVED**, that the Company shall be, and hereby is, authorized to file or cause to be filed a motion seeking approval of a Restructuring Transaction, subject to such modifications thereto as such Authorized Person may deem necessary or advisable in order to give effect to and carry out the general purposes of such Restructuring Transaction, including (i) bidding procedures, a stalking horse purchaser and the payment of certain fees (including expense reimbursement and breakup fees) to the stalking horse purchaser; (ii) a plan of reorganization or liquidation, associated disclosure statement, to the extent applicable, and all other related documents, and consummate, and perform under, the transactions contemplated therein and/or (iii) to dismiss or close the Chapter 11 Cases and execute all related documents as may be reasonably necessary or desirable in the best interests of the Company and its stakeholders; and it is

4. **General Authority**

**FURTHER RESOLVED**, that, with respect to the Company, any Authorized Person, any one of whom may act without the joinder of any of the others, is hereby authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including, but not limited to (i) the engagement or retention of such further accountants, counsel, consultants, advisors or other professionals; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, consent payments, taxes and other expenses; all of the foregoing, as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, with all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and it is

**FURTHER RESOLVED**, that any and all past actions heretofore taken by any Authorized Person or any director of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, the undersigned have executed this consent on the dates set forth below.

*/s/ Rice Powell*
Rice Powell
Date: 8/22/2024

*/s/ Douglas Blankenship*
Douglas Blankenship
Date: 8/22/2024

**Fill in this information to identify the case:**

Debtor name: Nuvo Group USA, Inc.

United States Bankruptcy Court for the: District   District of: Delaware (State)

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | White & Case LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1095 | Daniel Nussen<br>1221 Avenue of the Americas<br>New York, NY 10020-1095<br>(212) 819-8200<br>daniel.nussen@whitecase.com | Legal | | | | 3,680,000.00 |
| 2 | Greenberg Traurig<br>132 Menachem Begin One<br>Azrieli Center Round Tower, 30th Floor<br>Tel Aviv, Israel 6701101 | Nicole Rosenberg<br>+972 (0) 3.636.6032<br>TLVBilling@gtlaw.com | IPO | | | | 1,958,884.00 |
| 3 | Herzog Fox & Neeman<br>Herzog Tower<br>6 Yitzhak Sadeh St.<br>Tel Aviv, Israel 6777506 | Michal Herzfeld<br>+972 3 696 6464<br>herzfeldm@herzoglaw.co.il | Legal | | | | 819,000.00 |
| 4 | Meitar Likwernick Geva Leshem<br>Abba Hillel Silver Rd<br>16 Ramat Gen<br>Israel | Anna Kemel, Yoav Sade<br>03-610-3100<br>akemel@meitar.com;<br>yoavs@meitar.com | IPO | | | | 730,491.00 |
| 5 | First Insurance Funding Inc.<br>450 Skokie Blvd, Ste 1000<br>Northbrook, IL 60062-7917 | www.firstinsurancefunding.com<br>(800) 837-3707 | Insurance | | | | 684,987.00 |
| 6 | PwC Israel (Kesselman & Kesselman)<br>146 Derech Menachem Begin Street,<br>Tel Aviv, Israel 6492103<br><br>P.O. Box 7187<br>Tel Aviv, Israel 6107120 | Maya Peri<br>+972 3 7954555<br>+972 54 6660079<br>maya.peri@pwc.com | Accounting | | | | 471,902.00 |
| 7 | Blinbaum Ventures LLC<br>51 Jones Road<br>East Quogue, NY 11942 | Jacques Blinbaum<br>David Blinbaum<br>(212) 490-4090<br>(212) 917-596-1648<br>jblinbaum@gmail.com;<br>dblinbaum@gmail.com | Lender | | | | 442,833.00 |
| 8 | Deborah Henretta<br>3601 Casey Key Road Nokomis,<br>Florida 34275 | Deborah Henretta<br>debhenretta@yahoo.com | Advisors | | | | 135,000.00 |

| Debtor | Nuvo Group USA, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | I.B.I. Capital Trust Ltd<br>9 Ehad Ha'am St, Shalom Tower<br>P.O.B. 29161<br>Tel Aviv, Israel 6129101 | Keren Talmor<br>+972 3 5199960<br>capital@ibi.co.il;<br>Keren_T@IBI.co.il | Vendors | | | | 119,782.00 |
| 10 | EY<br>Menachem Begin 144<br>Tel Aviv, Israel | Eli Barda<br>+972 03 6232525<br>eli.barda@il.ey.com | Accounting | | | | 117,000.00 |
| 11 | K-Tor<br>21B Hayasmin St.<br>Beit Shemesh, Israel 9959138 | Lisa Kossowsky<br>+972 54 630-3175<br>lisa@nalay.com | Advisors | | | | 112,928.00 |
| 12 | Effectus Group, LLC<br>1735 Technology Drive<br>Suite 780<br>San Jose, CA 95110 | Eli Seller<br>862-596-9203<br>billings@effectusgroup.com | Accounting | | | | 110,080.00 |
| 13 | Blinbaum Trust fbo Melissa Sheehan<br>51 Jones Road<br>East Quogue, NY 11942 | Jacques Blinbaum<br>David Blinbaum<br>(212) 490-4090<br>(917) 596-1648<br>jblinbaum@gmail.com;<br>dblinbaum@gmail.com | Lender | | | | 88,567.00 |
| 14 | Shoval Investments & Management Ltd.<br>48 Yehuda Halevi Street<br>Tel Aviv, Israel 6789155<br>94 Yigal Alon Street<br>Tel Aviv, Israel 6789155 | Linoy Hamami<br>073-3277-640<br>billing@shovalh.com | Rent & Maintainance | | | | 47,514.00 |
| 15 | Adama GmbH<br>Waidmannstr. 3<br>Frankfurt am Main, Germany 60596 | Daniel Gilcher<br>+49 171 8366424<br>gilcher.daniel@gmail.com | Advisors | | | | 62,500.00 |
| 16 | TLV Payroll | | Employee | | | | 71,600.00 |
| 17 | TechPack Lab<br>Prof. Yisrael Aumann 1/9<br>Rehovot, Israel 7608654 | Liat Meron<br>+972542683643<br>pavel@techpacklab.com;<br>liat@techpacklab.com | Subcontractors | | | | 71,542.00 |
| 18 | Automat-IT Malam Team Ltd.<br>53 Avshalom Gissin St Petach-Tikva,<br>Israel 4922297 | Eran Ivry<br>+972 52 6711778 | Vendors | | | | 68,328.00 |
| 19 | Orion Health Advisors, LLC<br>1750 Tysons Blvd., Suite 1500<br>McLean, VA 22102 | Mike Butchko<br>mike@orionhealthadvisors.com | Advisors | | | | 57,000.00 |
| 20 | STARRY Solutions PTE LTD<br>167 JalanBukit Merah #05--12 connection one<br>Singapore 150167 | Wally Xu<br>+65 6221-5096<br>enquiry@starry.com.cn<br>wally.xu@starry.com.cn | Vendors | | | | 41,020.00 |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims        page 2