IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **NUVO GROUP USA, INC.,** *et al.*,[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 24-11880 (MFW) <br><br> (Jointly Administered) <br><br> Re: D.I. 58 |

**ORDER AUTHORIZING RETENTION AND**
**EMPLOYMENT OF HUGHES HUBBARD & REED LLP AS**
**ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE**

Upon the application, dated September 10, 2024 (the "Application"),[2] of the debtors and debtors-in-possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), for entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to retain and employ Hughes Hubbard & Reed LLP ("Hughes Hubbard") effective as of the Petition Date, as counsel to the Debtors, pursuant to section 327(a) of title 11 the Bankruptcy Code (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1]. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: Holdco Nuvo D.G Ltd. (5756), Nuvo Group Ltd. (3811), and Nuvo Group USA, Inc. (2727). The Debtors' mailing address for purposes of these Chapter 11 Cases is 300 Witherspoon, Suite 201, Princeton, New Jersey 08542.

[2]. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

Rules"), as more fully set forth in the Application; and upon the declaration of Kathryn A. Coleman, a partner of Hughes Hubbard, attached to the Application as **Exhibit A** (the "Coleman Declaration"), the declaration of James S. Feltman, Chief Restructuring Officer of the Debtors, attached to the Application as **Exhibit B** (the "Feltman Retention Declaration"), and the Supplemental Declaration of Kathryn A. Coleman in further support of the Application (D.I. 95) (the "Supplemental Coleman Declaration"); and the Court being satisfied, based on the representations made in the Application, the Coleman Declaration, the Feltman Retention Declaration, and the Supplemental Coleman Declaration that Hughes Hubbard is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Hughes Hubbard represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article Ill of the United States Constitution; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided to the parties provided for in the Application and no further notice being necessary; and the legal and factual bases set forth in the Application establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and no objection to the Application having been filed; and upon all of the proceedings before the Court;

**IT IS HEREBY ORDERED THAT**

1. The Application is approved and GRANTED as set forth herein.

2. The Debtors are authorized to employ and retain Hughes Hubbard as their attorneys in these Chapter 11 Cases, with the Fee Advance, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, in accordance with Hughes Hubbard's hourly rates and disbursement policies, all as contemplated by the Application, effective as of the Petition Date.

3. Hughes Hubbard is authorized to render the following professional services:

    a. advising the Debtors in connection with a restructuring of the Debtors' financial obligations, including negotiations with the Debtors' creditors and other stakeholders, and other legal services related to a restructuring of the Debtors' financial obligations;

    b. advising the Debtors with respect to their rights, powers, and duties as debtors-in-possession in the operation of their business and the management of their properties;

    c. advising and consulting on the conduct of these cases, including the legal and administrative requirements of operating in chapter 11;

    d. advising the Debtors and taking all necessary or appropriate actions at the Debtors' direction with respect to protecting and preserving the Debtors' estates, including defense of any actions commenced against the Debtors, resolution of disputes in which the Debtors are involved, objecting to claims asserted against the Debtors, attending meetings, and negotiating with parties in interest, including governmental authorities, as necessary;

    e. providing advice, representation, and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with statutory bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, business and commercial litigation, regulatory, corporate and tax matters, and prosecution and settlement of claims both against and by the Debtors;

    f. advising the Debtors in connection with a possible sale of all or substantially all or a subset of the Debtors' assets in chapter 11 and similar or related transactions;

      g. drafting all necessary or appropriate pleadings necessary or otherwise beneficial to the administration of the Debtors' estates;

      h. representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

      i. advising the Debtors concerning assumptions, assignments, and rejections of executory contracts and unexpired leases;

      j. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

      k. advising the Debtors regarding tax matters;

      l. taking all necessary or appropriate actions as may be required in connection with the administration of the Debtors' estates, including with respect to a chapter 11 plan and related disclosure statement; and

      m. performing all other legal services in connection with these Chapter 11 Cases as may be requested by the Debtors, including, without limitation, any general corporate legal services.

      4. Hughes Hubbard is authorized, without further order of this Court, to apply amounts from the Fee Advance to compensate and reimburse Hughes Hubbard for expenses incurred prior to the commencement of the Chapter 11 Cases consistent with its ordinary course billing practices. Hughes Hubbard is authorized to apply the remaining amount of the Fee Advance to satisfy the payment of Court-approved postpetition fees and expense consistent with all applicable orders entered in these Chapter 11 Cases.

      5. Hughes Hubbard shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

6. Hughes Hubbard shall be compensated in accordance with and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to, sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Hughes Hubbard shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures.

7. Hughes Hubbard shall provide five (5) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in the Chapter 11 Cases in connection with any increase of its hourly rates occurring after the date of this Order. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. Notwithstanding anything in the Application to the contrary, Hughes Hubbard shall (i) to the extent that Hughes Hubbard uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Hughes Hubbard pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Hughes Hubbard; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

9. Notwithstanding the applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

11. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 26th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

6