# **EXHIBIT B**

Declaration of Lorie Beers

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **NUVO GROUP USA, INC.,** *et al.,*[1] | Case No. 24-11880 (MFW) |
| **Debtors.** | (Jointly Administered) |

DECLARATION OF LORIE BEERS
IN SUPPORT OF THE BIDDING PROCEDURES MOTION

I, Lorie Beers, pursuant to 28 U.S.C. § 1764, hereby declare and state:

1.  I am a Managing Director and the Head of Special Situations at Intrepid Investment Bankers LLC ("Intrepid"), the investment bankers to the above-captioned debtors and debtors-in-possession (the "Debtors").

2.  This declaration (this "Declaration") is being submitted in support of the *Debtors' Motion for (I) an Order (A) Approving Bidding Procedures for the Sale of Substantially All Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; (D) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; (E) Authorizing the Debtors to Designate a Stalking Horse Bidder and Seek Expedited Approval of Bid Protections, if any; and (F) Granting Related Relief; (II) an Order Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: Holdco Nuvo Group D.G Ltd. (5756); Nuvo Group Ltd. (3811); and Nuvo Group USA, Inc. (2727). The Debtors' mailing address for purposes of these Chapter 11 Cases is 300 Witherspoon Street, Suite 201, Princeton, New Jersey 08542.

*Unexpired Leases; and (III) Certain Related Relief* (the "Bidding Procedures Motion").[2] I have reviewed the Bidding Procedures Motion and the proposed Bidding Procedures. I submit this Declaration in support of my opinion that the Debtors' proposed sale process and Bidding Procedures are appropriate under the circumstances and will provide the best means for the Debtors to preserve their business as a going concern and maximize the value of the Debtors' assets for the benefit of their stakeholders.

3. I am authorized by the Debtors to submit this Declaration. All facts and opinions set forth in this Declaration are based upon: (a) my personal knowledge or opinion; (b) information learned from my review of relevant documents regarding this matter; (c) information supplied to me or verified by the Debtors or other members of my team at Intrepid, and/or (d) my experience and knowledge concerning a variety of financial transactions, including capital-raising activities, leveraged buyouts, mergers, acquisitions and dispositions. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

## Professional Background and Qualifications

4. Intrepid is a specialty investment bank that provides M&A advisory, capital markets advisory, and special situations advisory services to a range of institutions including major corporations, private equity sponsors, and entrepreneur and family-owned companies, through dedicated industry banking teams and product specialists. The firm's professionals have significant knowledge and expertise within relevant industries, having advised clients on a broad range of strategic transactions. I have over 35 years of professional experience that encompasses the full spectrum of financial restructuring. Prior to joining Intrepid, I was the founder and Group Head of Special Situations Investment Banking at Cowen. I have also held senior banker roles at

---

2. Capitalized terms not defined herein are defined in the Bidding Procedures Motion.

StormHarbour Securities, Variant Capital Advisors, Seabury Group, KPMG Corporate Finance and Gordian Group. I began my career as a bankruptcy attorney and was a partner at Kasowitz, Benson, Torres & Friedman.

5.  Intrepid has a dedicated capital advisory group, whose special situations professionals have extensive expertise providing investment banking services to financially distressed companies, creditors, committees, equity holders, asset purchasers, and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court. Intrepid's professionals have served as investment bankers and/or financial advisors in numerous chapter 11 cases, including but not limited to: *In re Restoration Forest Products Group LLC*, No. 24-10120 (KBO) (Bankr. D. Del. Jan. 29, 2024) (advising debtors); *In re Water Gremlin Company, et. al.*, No. 23-11775 (LSS) (Bankr. D. Del. Nov. 28, 2023) (advising debtors); *In re Zymergen Inc.*, No. 23-11661 (KBO) (Bankr. D. Del. Oct. 3, 2023) (advising debtors); *In re Amyris Inc.*, No. 23-11131 (TMH) (Bankr. D. Del. Aug. 9, 2023) (advising debtors); In *re Tritek Int'l, Inc.*, No. 23-10520 (TMH) (Bankr. D. Del. June 8, 2023) (advising debtor); *In re Watsonville Hospital Corp.*, No. 21-51477 (Bankr. N.D. Cal. Jan. 10, 2022) (advising debtor); *In re Aluminum Shapes, LLC*, No. 21-16520 (JNP) (Bankr. D.N.J. Oct. 8, 2021) (advising debtor); *In re Garrett Motion Inc.*, No. 20-12212 (Bankr. S.D.N.Y. Feb. 5, 2021) (advising Official Equity Committee); *In re Carla's Pasta, Inc.*, No. 21-20111 (Bankr. D. Conn. Mar. 22, 2021) (advising debtors); *In re Mishti Holdings, LLC*, No. 1911813 (CSS) (Bankr. D. Del. Dec. 16, 2019) (advising debtors); *In re Sienna Biopharmaceuticals, Inc.*, No. 19-12051 (MFW) (Bankr. D. Del. Oct. 15, 2019) (advising debtor).

**The Debtors' Sale Process**

6. On September 10, 2024, the Debtors filed an application to retain Intrepid as its investment banker (D.I. 55), which motion was approved by the Court on September 26, 2024 (D.I. 106). Since its engagement, Intrepid has been actively working to market the Debtors' assets and assure a robust sale process. As of filing this Declaration, Intrepid has already identified prospective bidders, prepared tailored marketing materials and an online dataroom to induce interest in a sale transaction for the Debtors' assets, and contacted more than 130 strategic and financial buyers across the healthcare, life sciences, and distressed investor spectrum.

7. Pursuant to the Bidding Procedures Motion, the Debtors propose a Bid Deadline of November 26, 2024, at 5:00 p.m. (ET) with an Auction to occur on December 4, 2024, at 10:00 a.m. (ET). The Debtors have further requested that the Sale Hearing occur no later than December 9, 2024, and that any sale transaction close no later than December 13, 2024. Based on the Debtors' proposed sale time, the sale process will span approximately 87 days since Intrepid first began its marketing process.

8. In light of the marketing process that is already underway, I believe that the Debtors' proposed sale process provides sufficient time under the circumstances for the Debtors to consummate a sale transaction that maximizes the value of the Debtors' assets for the benefit of their estates and creditors. I further believe that the proposed Bidding Procedures provide adequate notice to parties in interest while allowing the Debtors to conduct an expeditious and competitive sale process consistent with market practice.

9. Moreover, the Bidding Procedures grant prospective bidders sufficient time to conduct due diligence, submit Qualified Bids, and participate in an Auction, if applicable.

10. Finally, the flexibility afforded the Debtors to enter into a Stalking Horse Agreement with a designated Stalking Horse Bidder, combined with the structured auction process through which the Debtors may solicit, analyze and negotiate competitive offers, increases the likelihood that the Debtors will generate the highest and otherwise best offer for their assets.

11. Based on my experience and the circumstances of the Debtors' chapter 11 cases, the proposed Bidding Procedures reflect a competitive, market-based sale process that is critical to preserving the Debtors' business as a going concern and maximizing the value of the Debtors' assets for the benefit of their estates and stakeholders. Based on my experience, I believe that the proposed Bidding Procedures are fair, reasonable, in the best interest of the Debtors' estates, and should therefore be approved.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: October 11, 2024

Respectfully submitted,

*/s/ Lorie Beers*
Lorie Beers
Head of Special Situations,
Intrepid Investment Bankers