```
              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE

IN RE:                             .    Chapter 11
                                   .
NUVO GROUP USA INC., et al.,       .    Case No. 24-11880 (MFW)
                                   .    (Jointly Administered)
     Debtors.                      .
                                   .
                                   .    November 14, 2024
 . . . . . . . . . . . . . . . . . .    2:00 p.m.
.
                     TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE MARY F. WALRATH
                UNITED STATES BANKRUPTCY JUDGE


Appearances:

Counsel to Debtors:     Morris Nichols Arsht & Tunnel, LLP
                        BY: DEREK C. ABBOTT, ESQ.
                            CURTIS MILLER, ESQ.
                        1201 North Market Street, Suite 1600
                        Wilmington, DE 19801
                        Phone:    (302) 658-9200
                        Email:    dabott@morrisnichols.com
                                  cmiller@morrisnichols.com

                        Hughes Hubbard & Reed LLP
                        BY:  CHRISTOPHER GARTMAN, ESQ.
                        One Battery Park Plaza
                        New York, NY 10004
                        Phone:    (212) 837-6000
                        Email:  cris.gartman@hugheshubbard.com




Audio Operator:         MANDY BARTKOWSKI, ECRO


Transcription Company:  Reliable
                        1007 N. Orange Street
                        Wilmington, Delaware 19801
                        (302)654-8080
                        Email:  gmatthews@reliable-co.com




Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```

**<u>I N D E X</u>**

**HEARING REGARDING:**

Debtors' Motion for Entry of Interim and Final Orders Pursuant to Sections 105, 362, 363b and 364 of the Bankruptcy Code and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to Obtain Secured Superpriority Postpetition Financing and Granting Liens and Superpriority Administrative Expense Claims, (B) Scheduling a Final Hearing; and (C) Granting Related Relief (D.I. 12)

**RULING:** Motion Granted

1             (Recorded proceedings commence at 2:00 p.m.)
2             THE COURT:  Good afternoon.  This is Judge Walrath.
3  We're here in the Nuvo case.  Can the parties hear me?
4             MR. Fox:  Yes, Your Honor.
5             THE COURT:  Okay.  I will turn it over to counsel to
6  the debtor to tell us where we are in this case.
7             Mr. Abbott?
8             MR. ABBOTT:  Thank you, Your Honor.  Derek Abbott of
9  Morris, Nichols, here for the debtor.
10            Your Honor, we're here on a further interim DIP in
11 accordance with the agenda that I think the Court has received.
12 I'm going to turn it over to Mr. Gartman.  He'll give the Court
13 a quick summary of where we are and address the relief
14 requested, if I may.
15            THE COURT:  All right, thank you.
16            Mr. Gartman?
17            MR. GARTMAN:  Good afternoon, Your Honor.  Chris
18 Gartman from Hughes Hubbard on behalf of the debtors.  And I'm
19 here not only with Mr. Abbott but with my partner, Katie
20 Coleman and also with us is Ms. Beers from Intrepid, the
21 investment banker, and Mr. Feltman, the CRO is on the line.
22            We have a short agenda today which is the only, we
23 are seeking further interim approval of the DIP financing in an
24 additional amount of up to $750,000.  And so that's, the one
25 matter, everything else has been resolved.

1          I did want to start with a short status update for
2    Your Honor.
3          THE COURT:  Okay.
4          MR. GARTMAN:  So where we're at right now is, it's
5    obviously Thursday.  Monday is the bid deadline.  We are
6    pleased with the level of interest with bidders thus far.  We
7    still at this point have over a half a dozen actively engaged
8    parties that are continuing to participate in the process and
9    due diligence.
10         We are hopeful for multiple bids on Monday.  And the
11   auction is now scheduled to start on the following Wednesday,
12   the 20th.  So we are hopefully near the finish line.
13         And so this third interim DIP financing is very much
14   abridged for that process.  And, you know, we remain hopeful
15   that we're going to have a value maximizing auction process and
16   that will be the next update in this case is how that process
17   proceeds.
18         So other than that, the changes to the proposed order
19   from the last proposed order are extremely minor.  I believe
20   that the U.S. Trustee and the DIP lender have agreed that in
21   the event that the DIP lender wishes to exercise any remedies,
22   that they will provide another notice period before doing that
23   of I believe it's five days.
24         And I see Mr. Haywood is on the line, and he can
25   chime in.  But I know that there was a discussion shortly

1 before the hearing.

2       MR. HAYWOOD:  Yes.  Thank you, Mr. Gartman.

3       Your Honor, good to see you.  For the record, Brett
4 Haywood of Potter Anderson & Corroon on behalf of the DIP
5 lender.

6       That's correct.  Mr. Fox did ask us to put a
7 statement on the record.  And I know Your Honor hasn't had a
8 lot of time with the order, but if you flip through it, there
9 is a finding about a specified event of default.

10       Has Your Honor had an opportunity to review the
11 redline that was sent to your chambers?

12       THE COURT:  I just this minute received it from Ms.
13 Capp.  So hold on a second, and let me open it up.

14       MR. HAYWOOD:  Sure thing.

15       THE COURT:  Doesn't like my password apparently.
16 Okay.  You're going to have to read it to me because I'm being
17 shut out now.

18       MR. HAYWOOD:  That's fine, Your Honor, I'm happy to
19 do that.

20       Should Your Honor be able to review the order, this
21 is Finding L, it's on page 9 of the redline that I'm looking
22 at.  And this finding says that, "An event of default has
23 occurred and is continuing due to the debtors' failure to
24 comply with the DIP milestone requiring the debtors by no later
25 than October 25th, 2024, as extended, to deliver to the DIP

1  lender an executed letter of intent for an asset purchase
2  and/or replacement DIP financing of at least $10 million U.S.
3  In the aggregate, that contemplates a closing of no later than
4  December 16, 2024."  And that is defined as the specified
5  default.
6         That finding continues and it says, "On November 1st,
7  2024, the DIP lender issued that certain notice of events of
8  default regarding the occurring continuation of the specified
9  default of the debtors. Notwithstanding this specified default,
10 the DIP lender agreed to forebear from declaring a termination
11 date.  The default notice period with respect to the specified
12 default has expired.  The debtors do not contest that the
13 specified default has occurred and is continuing.  The DIP
14 lender has reserved all of its rights and remedies with respect
15 to this specified default and any other evidence of default
16 that may have occurred or might occur."
17         All that is to say, Your Honor, there was a DIP
18 milestone to deliver an asset purchase agreement or a take out
19 DIP financing in the amount of $10 million.  That DIP milestone
20 was extended for a few days.  The debtors failed to meet that
21 milestone, so the DIP lender issued a notice of event of
22 default.
23         And that gets us to the statement that Mr. Fox asked
24 the DIP lender to make.
25         If Your Honor doesn't have any questions,

1 (indiscernible).

2    THE COURT: All right. And the lender agrees with
3 Mr. Fox's suggestion then?

4    MR. HAYWOOD: Yes. Yes, Your Honor.

5    THE COURT: Okay.

6    MR. HAYWOOD: So and this is the statement. Well, as
7 I just mentioned, the event of default occurred. And upon that
8 default, certain rights and remedies automatically occurred and
9 went in effect in accordance with the DIP order including
10 restrictions and limitations on the debtors' use of cash
11 collateral and DIP proceeds. And the DIP lender is continuing
12 to enforce those restrictions and limitations.

13    That said, we did not declare a termination date, did
14 not seek to foreclose on any of its, on any of the DIP lender's
15 collateral, and did not seek to enforce any other rights or
16 remedies.

17    That said, if the DIP lender does seek to enforce any
18 other rights or remedies with respect to the specified default,
19 the DIP lender will provide notice as required by the DIP order
20 and a new five day default notice period will begin with
21 respect to those new rights and remedies.

22    And similarly, if the DIP lender calls any further or
23 other events of default, the same notice will be provided and
24 there will be a new five day notice period for any further or
25 other events of default.

1                 That's what was discussed with Mr. Fox, but we'll
2    defer to him if that satisfies his concerns.
3                 THE COURT:  Mr. Fox?
4                 MR. FOX:  Good afternoon, Your Honor, may it please
5    the court, Tim Fox on behalf of the United States Trustee.
6                 Mr. Haywood's representations are consistent with the
7    call we had and that resolved my office's informal comments.
8                 We did just want to make sure Your Honor understood
9    that this was included and that there wasn't a potential for a
10   footfall later for the debtors that would trigger those
11   remedies that Mr. Haywood recited without any further
12   opportunity for the Court to hear any matters that a party in
13   interest may want to assert before those further actions were
14   taken.
15                And so we appreciate the willingness of the DIP
16   lenders to accommodate that further process, and again hope
17   that this is all belt and suspenders and unnecessary as the
18   sales process continues consistent with Mr. Gartman's earlier
19   overview of where things stand in the case.
20                Unless Your Honor has any further questions for me
21   specifically, that addresses my office's informal comments and
22   the U.S. Trustee does not object to the third interim debtor in
23   possession financing order.
24                THE COURT: All right.  Thank you.  And thank you for
25   resolving it consensually.

9

1        MR. HAYWOOD:  Happy to, Your Honor.
2        THE COURT:  All right.  Anybody else wish to be heard
3  then on the third interim DIP?
4        All right.  I'll enter the order then as agreed.
5        MR. GARTMAN:  Thank you very much, Your Honor.
6        THE COURT:  All right  That's all?
7        MR. GARTMAN:  That concludes the agenda.
8        THE COURT:  Okay.  We can stand adjourned.  Thank
9  you, Mr. Gartman.
10       MR. GARTMAN:  Okay.  Have a good day.
11 ed then.
12              (Proceedings adjourned 2:09 p.m.)
13                      * * * * *

```
                                                                  10
1                           CERTIFICATION
2          I certify that the foregoing is a correct transcript
3   from the electronic sound recording of the proceedings in the
4   above-entitled matter to the best of our knowledge and ability.
5
6   /s/ Theresa Pullan                      November 17, 2024
7   Theresa Pullan, CET-780
8   Certified Court Transcriptionist
9   For Reliable
10
11
12
13
14
15
```