IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **NUVO GROUP USA, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 24-11880 (MFW) <br><br> (Jointly Administered) <br><br> Re: D.I. 147, 249 |

**DEBTORS' MOTION FOR LEAVE TO FILE A LATE REPLY IN SUPPORT OF MOTION FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTORS; (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) SCHEDULING THE AUCTION AND SALE HEARING; (D) APPROVING FORMS AND MANNER OF NOTICE OF RESPECTIVE DATES, TIMES, AND PLACES IN CONNECTION THEREWITH; (E) AUTHORIZING THE DEBTORS TO DESIGNATE A STALKING HORSE BIDDER AND SEEK EXPEDITED APPROVAL OF BID PROTECTIONS, IF ANY; AND (F) GRANTING RELATED RELIEF; (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF CLAIMS, LIENS, AND ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) CERTAIN RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move for leave (the "Motion for Leave") to file the Debtors' reply, submitted contemporaneously herewith (the "Reply"), in support of the *Debtors' Motion for (I) an Order (A) Approving Bidding Procedures for the Sale of Substantially All Assets of the Debtors; (B) Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; (D) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith;*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: Holdco Nuvo Group D.G Ltd. (5756); Nuvo Group Ltd. (3811); and Nuvo Group USA, Inc. (2727). The Debtors' mailing address for purposes of these Chapter 11 Cases is 300 Witherspoon Street, Suite 201, Princeton, New Jersey 08542.

*(E) Authorizing the Debtors to Designate a Stalking Horse Bidder and Seek Expedited Approval of Bid Protections, if any; and (F) Granting Related Relief; (II) an Order Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases; and (III) Certain Related Relief* (D.I. 147) (the "Motion") and in response to *Gaingels 10X Capital Diversity GP I, LLC's Objection to Debtors' Sale Motion* (D.I. 249) (the "Objection"). In support of this Motion for Leave, the Debtors represent as follows:

## BACKGROUND

1. On October 11, 2024, the Debtors filed the Motion seeking, among other things, orders approving the Bidding Procedures[2] and the sale of the Debtors' assets. On October 21, 2024, the Court entered an order approving, among other things, the Bidding Procedures [D.I. 170] (the "Bidding Procedures Order").

2. On November 6, 2024, the Debtors filed the *Notice of Revised Bidding Procedures Deadline* [D.I. 197], which rescheduled certain deadlines set forth in the Bidding Procedures Order and set the deadline to object to the Motion as November 26, 2024 at 4:00 p.m. (ET).

3. On November 21, 2024, the Debtors filed the *Second Notice of Designation of Successful Bid* [D.I. 242] which selected Nuvo International Group Inc. (the "Purchaser"), as assignee of Nuvo DIP Lender LLC, as the Successful Bidder pursuant to the terms of the Term Sheet, dated November 19, 2024, attached thereto as Exhibit A.

4. On November 26, 2024, Gaingels 10X Capital Diversity GP I, LLC filed the Objection.

---

[2] Undefined terms used herein shall have the meanings ascribed in the Motion or the Objection, as applicable.

2

5. A hearing on the Motion was scheduled for December 3, 2024. With the permission of the Court, the hearing was adjourned to December 11, 2024, at 10:30 a.m. (ET) (the "Hearing").

6. After declaring the Purchaser as the Successful Bidder, the Debtors and the Successful Bidder worked tirelessly to reach an agreement on forms of an asset purchase agreement and a sale order for the sale of the Debtors' assets pursuant to the Term Sheet. Today, the Purchaser and the Debtors reached an agreement on the form of asset purchase agreement (the "APA") and are working to finalize and file the agreed upon APA and a proposed form of sale order (the "Proposed Sale Order") within the next twenty-four hours.

## JURISDICTION

7. The Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules"), to the entry of a final order by this Court in connection with this Motion for Leave to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(d).

**BASIS FOR RELIEF REQUESTED**

11.     Local Rule 9006-1(d) states, "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d). Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. prevailing Eastern Time two (2) business days prior to any hearing. Del. Bankr. L.R. 9029-3(a). Local Rule 9006-1(d) further provides that the Court will consider a motion for leave to file a late reply at the hearing on the underlying motion papers. Del. Bankr. L.R. 9006-1(d).

12.     As noted above, the Hearing is scheduled for December 11, 2024, and the agenda was due on December 9, 2024. Therefore, the deadline to file a reply in support of the Motion was December 6, 2024, at 4:00 p.m (prevailing Eastern Time).

13.     Cause exists to grant this Motion for Leave. Although the reply deadline was December 6, it was unclear the Debtors and the Purchaser would reach an agreement on an executable asset purchase agreement and form of sale order that could be presented to the Court for approval. It was not until the date of the filing this Motion for Leave did the Debtors reach an agreement with the Purchaser on the APA. The Debtors and the Purchaser are working diligently to present the Proposed Sale Order and APA to the Court. Conscious of preserving estate resources, the Debtors did not want to expend unnecessary time and cost that would detract from the recoveries of the Debtors' stakeholders until the Debtors were confident that they had a proposed sale with which to move forward. Only when the Debtors received the confirmation that the Purchaser has agreed to the terms of the APA, the Debtors drafted the Reply, which will provide the Court with imporant information and legal authority in support of the Motion and in response to the Objection.

14. Further, filing the Reply prior to the Hearing will provide Gaingels and other parties in interest with greater opportunity and time to review and prepare for the hearing on the Motion. Therefore, Gaingels and other parties in interest are not prejudiced by the filing of the Reply, and the Reply will promote a more efficient hearing.

15. Accordingly, for the foregoing reasons, there is sufficient cause for the Court to grant leave to file the Reply.

**NOTICE**

16. Notice of this Motion will be provided to the following parties: (a) the office of the U.S. Trustee; (b) counsel to the DIP lender; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that such notice is sufficient, and no other or further notice is required or necessary.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, granting leave to file the Reply, and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| December 9, 2024<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br>*/s/ Avery Jue Meng*<br>Derek C. Abbott (No. 3376)<br>Curtis S. Miller (No. 4583)<br>Clint M. Carlisle (No. 7313)<br>Avery Jue Meng (No. 7238)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, DE 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: dabott@morrisnichols.com<br>　　　cmiller@morrisnichols.com<br>　　　ccarlisle@morrisnichols.com<br>　　　ameng@morrisnichols.com<br><br>*-and-*<br><br>**HUGHES HUBBARD & REED LLP**<br><br>Kathryn A. Coleman (admitted *pro hac vice)*<br>Christopher Gartman (admitted *pro hac vice*)<br>Jeffrey S. Margolin (admitted *pro hac vice*)<br>One Battery Park Plaza<br>New York, NY 10004<br>Telephone: (212) 837-6000<br>Email: katie.coleman@hugheshubbard.com<br>　　　chris.gartman@hugheshubbard.com<br>　　　jeff.margolin@hugheshubbard.com<br><br>*Counsel to the Debtors and Debtors in Possession* |