```
                     UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE


IN RE:                        .  Chapter 11
                              .  Case No. 24-11880 (MFW)
NUVO GROUP USA INC.,          .
et al.,                       .  (Jointly Administered)
                              .
                              .  Courtroom No. 4
                              .  824 North Market Street
                              .  Wilmington, Delaware 19801
         Debtors.             .
                              .  Tuesday, December 17, 2024
. . . . . . . . . . . . . . . .  11:30 a.m.

           TRANSCRIPT OF STATUS CONFERENCE HEARING
             BEFORE THE HONORABLE MARY F. WALRATH
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:         Derek Abbott, Esquire
                         MORRIS, NICHOLS, ARSHT
                           & TUNNELL LLP
                         1201 North Market Street, 16th Floor
                         P.O. Box 1347
                         Wilmington, Delaware 19801

                         Kathryn Coleman, Esquire
                         HUGHES HUBBARD & REED LLP
                         One Battery Park Plaza
                         15 Battery Park Underpass
                         New York, New York 10004


Audio Operator:          Mandy Bartkowski, ECRO


Transcription Company:   Reliable
                         The Nemours Building
                         1007 N. Orange Street, Suite 110
                         Wilmington, Delaware 19801
                         Telephone: (302)654-8080
                         Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

1          (Proceedings commenced at 11:31 a.m.)
2                    THE CLERK:  You may be seated.
3                    THE COURT:  Good morning.  This is Judge Walrath.
4    We're here in the Nuvo case.
5                    I will turn it over to counsel to tell me where we
6    are.
7                    MR. ABBOTT:  Thank you, Your Honor.  Derek Abbott
8    for the debtors.
9                    There were three items on the agenda today.  The
10   first is, effectively, moot because the debtors have filed
11   their schedules and statements already.  The second was an
12   interim fee hearing.  There was a certificate of counsel
13   submitted.  I am not sure if the Court has questions with
14   respect to any of those fee applications but we are here at
15   the Court's pleasure on that.  Then the third is the status
16   conference and I'm happy to start with that if you would
17   like, Your Honor.
18                   THE COURT:  I prefer you start with the status
19   conference.  That will implicate the fee issue.
20                   MR. ABBOTT:  Fair enough, Your Honor.  I am happy
21   to report that the sale approved by the Court last week has
22   closed.  The money was received and is in escrow -- the
23   purchase price or the cash proceeds have been received and
24   are in an escrow account at Epiq is my understanding, Your
25   Honor.

1              In terms of going forward the debtors are well
2  into the construction of a winddown budget.  We are trying to
3  put the fine touches on that and we will get it distributed
4  to the U.S. Trustee and the DIP lender and parties in due
5  course.  Then ultimately in front of Your Honor when its
6  ready and hopefully we will be agreed.
7              The two things that, out of a sense of
8  transparency, we wanted to let the Court know, Your Honor, I
9  don't think it came out in the testimony, although it may
10 have at the last hearing, at the time of the last hearing and
11 prior to the closing of a sale the debtors had in round
12 numbers approximately $90,000 of cash left in the estate.  In
13 addition, Your Honor, there is a little over $500,000, I
14 think its maybe -- no, a lot over, $583,000, Your Honor, in
15 the professional fee escrow that was set up pursuant to
16 Paragraph 8 of the DIP orders, Your Honor.
17             There is a payment of approximately $60,000, Your
18 Honor that the debtors had intended to pay this week using
19 the non-sale proceeds that had been in the estate prior to
20 closing. That is for certain wages and Israeli social benefit
21 costs for a handful of Israeli employees.  Again, I think its
22 actually $57 and change, Your Honor, $57,000 and change that
23 needs to be paid this week, again, out of non-sale proceeds
24 that had been previously funded by the DIP lender.
25

1                In addition, Your Honor, and maybe this is what
2   will implicate the fee order.  If Your Honor were to approve
3   the fees that had been requested those monies would not be
4   paid out of sale proceeds but would be paid out of the escrow
5   that was set up under the DIP for professionals and it would
6   leave, actually, a reasonably substantial balance left on
7   that account following those payments.
8                So, that is what I have to report, Your Honor, but
9   happy to answer whatever questions the Court may have.
10               THE COURT:  Well, I think you said there's
11  $583,000 left in the professional fee escrow.
12               MR. ABBOTT:  That is correct, Your Honor.
13               THE COURT:  And how much in fees are you
14  requesting here?
15               MR. ABBOTT:  Your Honor, the payment of the fees
16  today would be approximately $335 because with the exception
17  of Meitar the 80 percent amounts had been paid.  So, it would
18  be the 20 percent holdback for each of Hughes Hubbard and
19  Morris Nichols, and then the full $17,000 and change for
20  Meitar, Your Honor.
21               THE COURT:  And the 80 percent came from the
22  professional fee escrows?
23               MR. ABBOTT:  Yes, Your Honor.
24               THE COURT:  Well, when can I expect the winddown
25  budget?

1          MR. ABBOTT:  Your Honor, frankly, our hope was to
2  have gotten it to you before today but we, obviously, did not
3  do that.  Let me defer to Ms. Coleman on the timing of that.
4  My instinct is that we hope to have it circulated in the next
5  day or two. I don't know how long it will take back and
6  forth. I would hesitate to commit until early next week, but
7  Ms. Coleman may have a better answer, Your Honor.
8          MS. COLEMAN:  Your Honor, I am not going to
9  disagree with Mr. Abbott.  We have a draft that is ready to
10 go out to the U.S. Trustee and to the DIP lenders.  We would
11 like it to be agreed before we submit it to Your Honor.  My
12 great hope is that we would have it well before the end this
13 week, but I am a known optimist and so it may not be the
14 case.  Its not terribly complicated so I'm hopeful that we
15 will be able to come to agreement.
16         THE COURT:  Does anybody else wish to be heard
17 then on the status?
18    (No verbal response)
19         THE COURT:  Alright, well, thank you for that.
20 When is our next hearing, Mr. Abbott?
21         MR. ABBOTT:  That is -- give me a moment, Your
22 Honor.  I apologize.  I don't have that at the tip of my
23 fingers.
24         THE COURT:  It looks like its January --
25

1        MR. ABBOTT: Your Honor, I'm not finding that on
2   my calendar quickly. Apologies, it may take a moment or two
3   to track that down.
4        THE COURT: My clerk is telling me January 6th.
5   Does that sound familiar?
6        MR. ABBOTT: It does, Your Honor.
7        THE COURT: Alright, well thank you for the status
8   update. I had no issues with the fees and will approve them
9   now that you have satisfied me that they will be -- that any
10  payments of these will come from the professionals escrow. I
11  think that there is no issue regarding payment of the
12  employees that is being made out of non-cash from this sale.
13  So, I am satisfied that we're, at least, on a path to get
14  perhaps some resolution. I hope I can get a further status
15  update January 6th about where we go in this case.
16       MR. ABBOTT: Certainly, Your Honor.
17       MS. COLEMAN: Yes, of course, Your Honor.
18       THE COURT: Anybody else wish to be heard?
19     (No verbal response)
20       THE COURT: We can stand adjourned and I will
21  enter the order based on the certification of counsel filed.
22       MR. ABBOTT: Thanks very much, Your Honor.
23       MS. COLEMAN: Thanks very much, Your Honor.
24       THE COURT: Thank you.
25     (Proceedings concluded at 11:39 a.m.)

1                        CERTIFICATION
2         I certify that the foregoing is a correct
3  transcript from the electronic sound recording of the
4  proceedings in the above-entitled matter to the best of my
5  knowledge and ability.
6
7  /s/ William J. Garling                    December 17, 2024
8  William J. Garling, CET-543
9  Certified Court Transcriptionist
10 For Reliable
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25