**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re*<br><br>**NUVO GROUP USA, INC., *et al.*,**[1]<br><br>**Debtors.** | Chapter 11<br><br>Case No. 24-11880 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 385, 391** |

**REPLY IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 10019
FILED BY BLINBAUM VENTURES LLC AND CLAIM NO. 10020
FILED BY BLINBAUM TRUST SHEEHAN**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this reply (this "Reply") in further support of the *Debtors' Objection to Claim No. 10019 Filed by Blinbaum Ventures LLC and Claim No. 10020 Filed by Blinbaum Trust Sheehan* (Docket No. 385) (the "Objection")[2] and in response to the Blinbaum Claimants' response (the "Response"), a copy of which is annexed hereto as **Exhibit A**. In support of this Reply, the Debtors respectfully state as follows:

**REPLY**

1. The Response fails to address the crux of the Debtors' Objection: the Blinbaum Claimants have failed to provide any documentation that establishes that the purported liens they claim with respect to Blinbaum Notes have been perfected. In response to the Objection, the Blinbaum Claimants have provided no such evidence and have thus failed to carry their burden.

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: Holdco Nuvo Group D.G Ltd. (5756); Nuvo Group Ltd. (3811); and Nuvo Group USA, Inc. (2727). The Debtors' mailing address for purposes of these Chapter 11 Cases is Nuvo Group USA, Inc., c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421.

2. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Objection.

Instead, they merely regurgitate past arguments.  They point to certain documents that identify Gaingels 10X as the purported lien holder, they argue without support that Israeli law "may not" require public filings for perfection, and they blame Gaingels 10X for failing to properly perfect the Blinbaum Claimants' purported security interests.  These arguments are not evidence, they are not supported by any law, and they are insufficient as a matter of law to establish that the Blinbaum Claimants have a perfected security interest with respect to the Blinbaum Claims.  This alone ends the inquiry, and warrants a finding that the Blinbaum Claims are unsecured.

2.      The Response otherwise contains procedurally improper and irrelevant arguments, and is otherwise defective, for the reasons stated below.

## I.    THE BLINBAUM CLAIMANTS HAVE FAILED TO SHOW THAT THEY HAVE PROPERLY PERFECTED SECURITY INTERESTS.

3.      The Response fails to identify a single document that evidences a properly perfected security interest as to the Blinbaum Claimants.  Instead, the Blinbaum Claimants argue that the USPTO Receipt and the IIA Letter—both of which identify Gaingels 10X as the purported secured party—are sufficient to evidence a security interest perfected on behalf of the Blinbaum Claimants.  They have offered no legal support for this argument.  Instead, they merely state that "Israeli law *may not* require equivalent public filings for perfection."  (Response at 1 (emphasis added).)  They again offer no support for this assertion.  And "may not" is not good enough.  The Blinbaum Claimants have the burden to establish that they have properly perfected their purported security interests.  *See* Fed. R. Bankr. P. 3001(d) ("If a creditor claims a security interest in the debtor's property, the proof of claim must be accompanied by evidence that the security interest has been perfected.").  As a result, they have failed to meet their burden under Bankruptcy Rule 3001(d).

4.      The Blinbaum Claimants next point to Section 7(b) of the Blinbaum Notes as "demonstrating compliance with Israeli perfection requirements." (Response at 2.) In fact, Section 7(b) demonstrates the opposite:  that the Blinbaum Claimants have failed to carry their burden.  Section 7(b) of each Blinbaum Note requires that the Holder—defined as Blinbaum Ventures LLC in the Blinbaum Ventures Note and as the Blinbaum Trust in the Blinbaum Trust Note—"file all necessary deeds of pledge and other documents and instruments to perfect the Holder's security interest in those patents registered in the United States and Israel." (Blinbaum Ventures Note § 7(b); Blinbaum Trust Note § 7(b).)  The Blinbaum Claimants have not provided any evidence that they have filed *any* documents to perfect their security interests.

5.      Instead, the Blinbaum Claimants rely on documents that identify Gaingels 10X as the sole purported interest holder.  However, they fail to provide any support for their assertion that any such lien, to the extent validly perfected (which the Debtors dispute), extends to any party other than Gaingels 10X itself.[3]  And Gaingels 10X has expressly disclaimed its purported role as "representative" of the holders of the Bridge Financing Notes as to those holders who invested in the Debtors after the $5 million cap (pursuant to the terms of the Gaingels 10X Note) was reached.  The Blinbaum Claimants are in that group.

> Mr. Nicas [Counsel for Gaingels 10X]:  At best, holders of those notes in excess of $5 million hold an unsecured claim against the company. Such holders cannot share in any recovery from the liquidation of collateral that was granted as security to the holders of notes of the first 5 million and these holders cannot claim that Gaingels 10X is their collateral agent, nor their representative, regardless of what the terms of those holders' respective convertible notes say.  Certainly, Gaingels did not agree to act in any of those capacities with respect to any holder who was issued debt by the company under a convertible note in excess of $5 million.

---

3.    The Debtors dispute the purported secured claim of Gaingels 10X and reserve all rights, claims and defenses with respect to such claim.

(Dec. 11, 2024 Hr'g Tr. 136:15-137:1.)

6. The Blinbaum Claimants next assert that the Blinbaum Claims satisfy the requirements under Bankruptcy Rule 3001(f) constituting *prima facie* evidence of the validity and amount of the claim. This argument misconstrues the Objection. The Debtors object to the Blinbaum Claims because the Blinbaum Claims failed to provide evidence that the security interests under the Blinbaum Notes were properly perfected, as required by Bankruptcy Rule 3001(d). The Blinbaum Claimants have still failed to provide any evidence that the liens purportedly securing their claims are perfected. Indeed, the Response does not contain a single shred of evidence establishing that any purported security interest with respect to the Blinbaum Claims is perfected.

7. Realizing that they have no evidence of perfection, the Blinbaum Claimants instead blame Gaingels 10X for failing to protect their interests and request that the Court "allow the Claimants to pursue any claims or remedies against Gaingels or other responsible parties for negligence in fulfilling their obligations as representatives." (Response at 4.) Those are not the words of a properly perfected secured creditor, and they do not suffice to establish secured status.

8. Based on the foregoing, and for the reasons stated in the Objection, the Blinbaum Claimants have failed to establish that their claims are subject to properly perfected security interests. As a result, the Blinbaum Claims should be reclassified as unsecured claims.

## II. THE OBJECTION DOES NOT RAISE A VALUATION DISPUTE.

9. In their last point, the Blinbaum Claimants misconstrue the basis of the Objection as pertaining to the value of the collateral allegedly securing the Blinbaum Notes. (Response at 3.) Although the Debtors do dispute the Blinbaum Claimants' unsupported valuation of Nuvo's intellectual property, the Debtors' request to reclassify the Blinbaum Claims from secured to unsecured is premised on the absence of proof that the Blinbaum Claims are secured by

perfected liens.  Issues pertaining to valuation of the alleged collateral are not ripe for adjudication at this juncture (although the Debtors reserve the right to raise such a challenge at the appropriate time).

### III.    DUE PROCESS DOES NOT REQUIRE ADDITIONAL TIME.

10.    The Blinbaum Claimants' request for additional time to hire Israeli counsel is meritless and should be rejected.  The Blinbaum Claimants have been among the most active participants in these Chapter 11 Cases.  Jacques Blinbaum and his son, David Blinbaum, have participated in nearly all, if not all, of the investor update calls that were regularly offered by the Debtors and their investment banker, Intrepid.  Contrary to the image they seek to portray now and at the sale hearing as small pro se litigants, Jacques Blinbaum and his son, David, are highly sophisticated, wealthy, Ivy League-educated investors.   Jacques Blinbaum has held CEO, Chairman and Founder roles at many companies.   LinkedIn Profile of Jacques Blinbaum, https://www.linkedin.com/in/jacques-blinbaum (last visited February 8, 2025).  David Blinbaum works in distressed debt and special situations at P. Schoenfeld Asset Management, a multi-billion-dollar hedge fund.  LinkedIn Profile of David Blinbaum, https://www.linkedin.com/in/david-blinbaum-83945319 (last visited February 8, 2025).  Mr. Blinbaum is also no stranger to litigation and knows how to hire a lawyer to advance his legal interests.  Priscilla DeGregory, *Neighbors Broke Agreement, Continued Construction on Jewish Holidays: Suit*, New York Post (published Sep. 20, 2018), https://nypost.com/2018/09/20/neighbors-broke-agreement-continued-construction-on-jewish-holidays-suit/.  And as the Court knows, the Blinbaum Claimants filed objections to the Debtors' sale that were dated December 4, 2024, almost two months before the response deadline for the Objection.  (D.I. 295.)  In such objections and at the sale hearing, the Blinbaum Claimants pressed their claims that they were secured creditors, against the Debtors' opposition to such assertions.

11. Against this backdrop, the Blinbaum Claimants' request for additional time to respond to the Objection rings hollow. *See, e.g.*, *Kuntz v. Saul, Ewing, Remick & Saul (In re Grand Union Co.)*, 200 B.R. 101, 107 (D. Del. 1996) (refusing to afford *pro se* litigant latitude where litigant had extensive experience before the courts). The Blinbaum Claimants fail to provide any support for their argument that they need more time under principles of "procedural due process." To the contrary, the Blinbaum Claimants have been afforded the due process to which they are entitled under the Bankruptcy Code and the Bankruptcy Rules. The Objection was filed and served on January 17, 2025. (D.I. 385 and 391). It was thus served on the Blinbaum Claimants more than 30 days in advance of the hearing on the Objection, in accordance with Bankruptcy Rule 3007(a)(1). *See* Fed. R. Bankr. P. 3007(a)(1) ("An objection to the allowance of a claim and a notice of objection . . . shall be filed and served at least 30 days before any scheduled hearing on the objection . . . .").

12. No amount of additional time will alter the fact that the Blinbaum Claimants failed to properly perfect their purported security interests under Israeli law. The Blinbaum Claimants' request for additional time, if granted, would serve only to delay the Debtors' winding up of their estates at unnecessary cost to the Debtors' estates, and should therefore be rejected.

## IV.   THE RESPONSE IS PROCEDURALLY IMPROPER.

13. The Response should also be rejected because it is procedurally improper.

14. First, the Response has not been properly filed in accordance with the procedures laid out in the Notice of Debtors' Objection. To the Debtors' knowledge, the Response has not been properly filed with the Bankruptcy Court nor served on the Office of the United States Trustee for the District of Delaware. Rather, Jacques Blinbaum simply e-mailed it to Debtors' counsel on January 31, 2025.

15.     Second, the Blinbaum Claimants have failed to provide any evidence that Mr. Jacques Blinbaum, who submitted the Response and signed the Blinbaum Claims, is authorized to act on behalf of either Blinbaum Claimant.  Fed. R. Bankr. P. 9010(c).

16.     Finally, even if the Blinbaum Claims and Responses were properly authorized, the Blinbaum Claimants cannot proceed on a pro se basis.  *See* Fed. R. Bankr. P. 9010 advisory committee's note to 1983 amendment (noting that Rule 9010 was not intended to alter prior holdings that corporations are not entitled to appear *pro se*); *see also In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (Bankr. N.D. Ohio 2001) (holding that a limited liability company, similar to other artificial entities such as corporations or partnerships, may only appear in court through an attorney).

17.     As a result, the Response is procedurally improper and should be rejected.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth in the Objection and this Reply, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached to the Objection as **Exhibit A**, reclassify the Blinbaum Claims as unsecured, and grant such other and further relief as is just and proper.

Dated: February 13, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Avery Jue Meng*
Derek C. Abbott (No. 3376)
Curtis S. Miller (No. 4583)
Avery Jue Meng (No. 7238)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
cmiller@morrisnichols.com
ameng@morrisnichols.com

-and-

**HUGHES HUBBARD & REED LLP**

Kathryn A. Coleman (admitted *pro hac vice*)
Christopher Gartman  (admitted *pro hac vice*)
Jeffrey S. Margolin  (admitted *pro hac vice*)
Elizabeth A. Beitler  (admitted *pro hac vice*)
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
katie.coleman@hugheshubbard.com
chris.gartman@hugheshubbard.com
jeff.margolin@hugheshubbard.com
elizabeth.beitler@hugheshubbard.com

*Counsel to the Debtors and Debtors-in-Possession*

8