**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ***In re*** | Chapter 11 |
| **NUVO GROUP USA, INC., *et al.*,**[1] | Case No. 24-11880 (MFW) |
| **Debtors.** | **Re: D.I. 906** |

**ORDER APPROVING (I) THE SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS' CRO, THE ISRAELI TRUSTEE, AND THE D&OS; (II) THE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS' CRO AND THE ISRAELI TRUSTEE; AND (III) RELATED CROSS-BORDER PROTOCOL**

Upon the Motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an Order (a) (i) authorizing the Debtors to enter into and perform all obligations under the Settlement Agreements, (ii) approving the Settlement Agreements on a final basis, and (b) granting related relief; the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or registration number in the applicable jurisdiction, are: Holdco Nuvo Group D.G Ltd. (5756); Nuvo Group Ltd. (3811); and Nuvo Group USA, Inc. (2727). The Debtors' mailing address for purposes of these chapter 11 cases is Nuvo Group USA, Inc., c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421.

[2] Capitalized terms not defined herein are used as defined in the Motion.

the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined, that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreements are approved on a final basis.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settling Parties are authorized to enter into, perform, execute and deliver all documents, to take all actions necessary to effectuate the Settlement Agreements, in accordance with the terms, conditions, and agreements related thereto, all of which are hereby approved, and to effectuate the relief granted in this Order in accordance with the Motion.

4. For the avoidance of doubt, the D&O Insurers are authorized to advance from the D&O Policies the D&O Insurance Proceeds needed to fund the Settlement Amount, and the automatic stay is modified to the extent necessary to permit the advancement of such payments.

5. Subject to entry of the Israeli Approval Order and the occurrence of the Settlement Effective Date, with the exception of administrative expense claims in these U.S. chapter 11 cases, which will be determined and administered by this Court, (i) all claims against the Israeli Debtors, whether filed before this Court or the Israeli Court, will be administered by the Israeli Trustee before the Israeli Court in accordance with Israeli law (who shall have the sole

authority to adjudicate such claims and whose determination shall be binding, subject only to any appellate rights within the Israeli Court system), with holders of allowed claims against the Israeli Debtors receiving distributions from the Israeli Trustee; and (ii) all claims asserted against Nuvo Group USA, Inc. will be administered by the CRO or any successor in interest (who shall have the sole decision-making authority with respect to such claims) in accordance with the Bankruptcy Code and other applicable law, with holders of allowed claims asserted against Nuvo Group USA, Inc. receiving distributions on account of such claims, if any, from Nuvo Group USA, Inc.'s estate. For avoidance of doubt, all claims timely filed against the Israeli Debtors in these U.S. chapter 11 cases shall be deemed timely filed in connection with the Israeli proceeding(s). The Israeli Trustee is hereby authorized to distribute notices of any deadlines regarding the claims process in Israel in the English language to creditors who filed claims against the Israeli Debtors in these U.S. chapter 11 cases through the claims and noticing agent retained by the Debtors in these cases.

6. No claimant asserting an Israeli Liquidation Claim and a claim against Debtor Nuvo Group USA, Inc. shall receive aggregate distributions in excess of 100% of the amount of such allowed claim(s) (including any post-petition interest or other amounts permitted under applicable law).

7. For the avoidance of doubt, the administration of claims asserted against, and wind-down activities of, Debtor Nuvo Group USA, Inc. will remain the responsibility of the CRO and any successor in interest.

8. The CRO and any successor in interest is authorized to disburse all proceeds of the Settlement Amount allocated to him to pay allowed administrative expense claims.

9. Any payment on account of the claim (asserted as a secured claim) by Gaingels 10X Capital Diversity Fund I LP ("Gaingels 10X") against Debtor Nuvo Group Ltd. (the

"Gaingels 10X Claims"), which claim has been filed before both this Court and the Israeli Court, shall be paid solely from the proceeds held in trust by the CRO from the chapter 11 asset sale (the "Escrow Account"). Unless and until such time, if any, that the Gaingels 10X Claim is determined to not be a secured claim, and any such determination has become final and non-appealable, the Debtors/CRO shall not make any further disbursements from the Escrow Account unless authorized by this Court.

10. Nothing in this Order shall be deemed to approve, authorize, endorse or give preclusive effect to the Blocking Order or any nonconsensual third-party release, and the Court is not making any finding or conclusion concerning the propriety, enforceability, or scope of such relief. All rights of Gaingels 10X to object and otherwise be heard before the Israeli Court are fully preserved.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry and its provisions shall be self-executing.

12. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

**Dated: August 28th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**